**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZELALEM TEGENEGHE,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-72731

Agency No. A094-923-596

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Zelalem Tegeneghe, a native and citizen of Eritrea, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010). We grant the petition for review and remand.

The IJ found Tegeneghe failed to provide any country conditions evidence that shows individuals who are half-Ethiopian are persecuted in Eritrea. This is belied by the record; for example, the record includes a report from Amnesty International specifically addressing persecution of such individuals. In addition, substantial evidence does not support the agency's conclusion that Tegeneghe's half-Ethiopian ethnicity was not "at least one central reason" for the harms he experienced. 8 U.S.C. § 1158(b)(1)(B)(i); *cf. Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009) (concluding "that the utterance of an ethnic slur, standing alone," does not constitute one central reason for an attack). Accordingly, we grant the petition with respect to Tegeneghe's asylum and withholding of removal claims, and we remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of our above conclusions we also remand Tegeneghe's CAT claim. *See Afriyie v. Holder*, 613 F.3d 924, 937 (9th Cir. 2010).

**PETITION FOR REVIEW GRANTED and REMANDED.**